The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion on the following question:
 Can a law enforcement officer take a driver's license and retain possession of this license as a result of a speeding violation and issue a temporary license until the fine is paid, at which time the original license would be returned to the driver?
In your correspondence, you note that this question arises as a result of frustration on the part of many cities who are unable to collect fines for speeding violations from out-of-state citizens. You indicate that many of these persons never return to the state or pay their fines and that local law enforcement officers see the retention of drivers' licenses as an inducement to do so.
With regard to your question, reference must be made to Title 27 of the Arkansas Code Annotated, wherein the provisions relating to enforcement of the traffic laws appear. Section27-50-302(7) (1987) provides that speeding in excess of fifteen (15) miles per hour over the posted speed limit is an offense and classified as a Class C misdemeanor.[1] If a person arrested for this offense demands an immediate appearance before a magistrate or refuses to give his or her written promise to appear in court as provided, the arrested person "shall be immediately taken before a magistrate or other proper officer within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made." A.C.A. 27-50-602 (1987). If, however, such a demand or refusal does not occur, the arresting officer may prepare and give to the motorist a notice to appear in court. A.C.A. 27-50-603(a) (1987). In order to secure release, the motorist must give his or her written promise to appear in court by signing in duplicate the written notice prepared by the arresting officer or post a bail bond as may be required by the officer. A.C.A. 27-50-603(d)(1) (1987). Any person who willfully violates his or her written promise to appear in court is guilty of a misdemeanor, regardless of the disposition of the charge upon which he or she was originally arrested. A.C.A. 27-50-604 (1987). A written promise to appear in court may, however, be complied with by an appearance by counsel. A.C.A. 27-50-605 (1987). Persons who are arrested for a violation of a traffic law punishable as a misdemeanor, including the speeding offense set forth in A.C.A. 27-50-302(7), and who are not permitted to appear for trial on their own recognizance may, in lieu of posting bond, be admitted to bail upon depositing their current driver's license. A.C.A. 27-50-606(a) (1987). See also A.C.A. 27-50-609 (1987). In these circumstances, an official receipt is issued for the license, which shall serve in lieu of the operator's license for a period not in excess of twenty (20) days. A.C.A. 27-50-606(b)(1) and (2) and 27-50-607(a) (1987). The driver's license deposited as bail is required to be retained by the clerk of the court before which the person cited is to appear. A.C.A. 27-50-606(c) (1987). If a defendant does not appear within twenty (20) days, or at a later date as fixed by the court, the driver's license shall be determined to have been forfeited. A.C.A. 27-50-607(c) (1987).
Since you have specifically noted out-of-state motorists in your correspondence, reference must also be made to the "Nonresident Violator Compact," which was adopted by the general assembly in 1985 and enacted pursuant to Act 209 of 1985. The compact, as codified today at A.C.A 27-54-101
(1987), established new practices for dealing with traffic violations committed by out-of-state motorists. Rather than requiring an out-of-state motorist to post collateral, furnish a bond, pay a fine, or deposit his or her driver's license, it is the policy of the party jurisdictions to the compact to "[a]llow motorists to accept a traffic citation for certain violations and proceed on their way without delay whether or not the motorist is a resident of the jurisdiction in which the citation was issued." A.C.A. 27-54-101, Article I, (b)(2). Article III of the Nonresident Violator Compact, entitled "Procedure for Issuing Jurisdiction," provides in pertinent part the following:
 (a) When issuing a citation for a traffic violation, a police officer shall issue the citation to a motorist who possesses a driver's license issued by a party jurisdiction and shall not, subject to the exceptions noted in paragraph (b) of this article, require the motorist to post collateral to secure appearance, if the officer receives the motorist's personal recognizance that he or she will comply with the terms of the citation.
 (b) Personal recognizance is acceptable only if not prohibited by law. If mandatory appearance is required, it should take place immediately following issuance of the citation.
 (c) Upon failure of a motorist to comply with the terms of a traffic citation, the appropriate official shall report the failure to comply to the licensing authority of the jurisdiction in which the traffic citation was issued. The report shall be made in accordance with procedures specified by the issuing jurisdiction and shall contain information as specified in the Compact Manual as minimum requirements for effective processing by the home jurisdiction.
 (d) Upon receipt of the report, the licensing authority of the issuing jurisdiction shall transmit to the licensing authority in the home jurisdiction of the motorist, the information in a form and content as contained in the Compact Manual.[2]
Article IV of the compact sets forth the procedure for the home jurisdiction, that is the "jurisdiction that issued the driver's license of the traffic violator." A.C.A. 27-54-101, Article II, (b)(6). The article provides that:
 (a) Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded.
 (b) The licensing authority of the home jurisdiction shall maintain a record of actions taken and make reports to issuing jurisdictions as provided in the Compact Manual.
Thus, the Nonresident Violator Compact requires party jurisdictions (i.e., a state, territory, or possession of the United States, the District of Columbia, Commonwealth of Puerto Rico, Provinces of Canada, or other countries which have adopted the compact) to allow out-of-state motorists (who possess a driver's license issued by a party jurisdiction) to continue on their way after being issued a citation for a traffic violation if the motorist gives his assurance that he will comply with the terms of the citation. Under these circumstances, an officer issuing the citation could not require the out-of-state motorist to post collateral (such as his driver's license) in order to secure appearance. See A.C.A. 27-54-101, Article III, (a). If a motorist fails to comply with the terms of a traffic citation, then the licensing authority of the jurisdiction issuing the citation is to contact the licensing authority of the home jurisdiction of the motorist. The home jurisdiction of the motorist may suspend the motorist's driver's license until the motorist complies with the citation.[3]
In sum, if a speeding citation is issued to an out-of-state motorist who possesses a driver's license issued by a jurisdiction which has adopted the Nonresident Violator Compact, and if the motorist gives his or her assurance that he or she will comply with the terms of the citation, a law enforcement officer is not permitted to require that the motorist post his or her driver's license as collateral. If the motorist does not comply with the citation, then the procedures set forth in the compact, which are generally discussed above, should be utilized.[4] With regard to in-state motorists and to out-of-state motorists who possess a driver's license issued by a jurisdiction which is not a party to the Nonresident Violator Compact, if they are arrested for a violation of a traffic law punishable as a misdemeanor (like the speeding offense that appears in A.C.A. 27-50-302(7)) and are not permitted to appear for trial on their own recognizance, they may, in lieu of posting bond, be admitted to bail upon depositing their driver's license, which will be retained by the clerk of the court before which they are to appear. In such cases an official receipt for the license is issued, which serves in lieu of a driver's license for a period not in excess of twenty (20) days. Any other actions taken by a police officer with respect to the driver's license of a motorist ticketed for speeding which are contrary to those outlined herein are, in my opinion, prohibited.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Arkansas Code Annotated 27-50-301 (Cum. Supp. 1993) provides that any moving traffic law violation not enumerated in Section 27-50-302 shall be known as a violation, as defined in A.C.A. 5-1-105 and 5-1-108, and shall be punishable as provided under Section 5-4-201. See also A.C.A. 27-51-201 and27-50-305 (1987).
[2] The term "issuing jurisdiction," as used in the compact, refers to the "jurisdiction in which the traffic citation was issued to the motorist." A.C.A. 27-54-101, Article II, (b)(7).
[3] As defined in the Compact, "compliance" means "the act of answering a citation, summons, or subpoena through appearance at court, a tribunal, and/or payment of fines and costs." A.C.A. 27-54-101, Article II, (b)(3).
[4] It should be emphasized that the procedures set forth in the Nonresident Violator Compact can only be used if the out-of-state motorist receiving the citation possesses a driver's license issued by a jurisdiction which has adopted the compact. As of 1985, the year in which Arkansas adopted the compact, six jurisdictions had the compact in place: Florida, Iowa, Missouri, New Jersey, Texas, and Washington. See Legislative Survey, Criminal Law, 8 U. Ark. Little Rock L.J. 559, 567 (1985-86). The Office of Driver Services of the Department of Finance and Administration (the "licensing authority" for Arkansas, as referred to in the Compact) should be consulted with regard to those jurisdictions which are currently parties to the Nonresident Violator Compact.